IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | |
|---|---|
| **Bertrand Essem,** * | |
| **Plaintiff,** * | |
| v. * | Case No.: PWG-14-113 |
| **Jude Sone,** *et al.***, * | |
| **Defendants.** * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

Defendant Jude Sone leased a Volkswagon Jetta from Defendant Enterprise Leasing Co of Norfolk/Richmond, LLC ("Enterprise") in Virginia and drove it into Maryland, where he "lost control and struck the curb multiple times and finally came to rest after hitting a telephone pole."[1] Compl. ¶¶ 5–6, 8; Def.'s Mem. 5. Plaintiff Bertrand Essem was a passenger in Sone's rental car at the time of the collision, and he "sustained severe injuries which required medical treatment including surgery." Compl. ¶¶ 5, 7. Essem filed suit against Sone and Enterprise, alleging that Sone was negligent and that Enterprise was negligent *per se* and negligently entrusted Sone with the vehicle. Sone filed an Answer, ECF No. 10, and Enterprise moved to dismiss.[2] Because Plaintiff has failed to state a claim against Enterprise, I will grant Enterprise's Motion to Dismiss.

---

[1] For purposes of considering whether Plaintiff has stated a claim, this Court accepts the facts that Plaintiff alleged in his Complaint, ECF No. 1, as true. *See Aziz v. Alcolac*, 658 F.3d 388, 390 (4th Cir. 2011).

[2] The parties fully briefed Enterprise's motion. ECF Nos. 5, 8 & 9. A hearing is not necessary. *See* Loc. R. 105.6. For the reasons stated in this Memorandum Opinion and Order, Enterprise's

I. **STANDARD OF REVIEW**

Federal Rule of Civil Procedure 12(b)(6) provides for "the dismissal of a complaint if it fails to state a claim upon which relief can be granted." *Velencia v. Drezhlo*, No. RDB-12-237, 2012 WL 6562764, at *4 (D. Md. Dec. 13, 2012). This rule's purpose "'is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses.'" *Id.* (quoting *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006)). To that end, the Court bears in mind the requirements of Fed. R. Civ. P. 8, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), when considering a motion to dismiss pursuant to Rule 12(b)(6). Specifically, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and must state "a plausible claim for relief," as "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Iqbal*, 556 U.S. at 678–79. *See Velencia*, 2012 WL 6562764, at *4 (discussing standard from *Iqbal* and *Twombly*). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663. The Court "may consider the complaint itself and any documents that are attached to it," as well as any "document that the defendant attaches to its motion to dismiss if the document was integral to and explicitly relied on in the complaint and if the plaintiffs do not challenge its authenticity." *CACI Int'l v. St. Paul Fire & Marine Ins. Co.*, 566 F.3d 150, 154 (4th Cir. 2009) (citations and quotation marks omitted).

---

motion IS GRANTED, and Plaintiff's claims against Enterprise ARE DISMISSED. This Memorandum Opinion and Order disposes of ECF No. 5.

## II. CHOICE OF LAW

"In a diversity case, the choice of law rules are those of the state in which the district court sits." *Wood v. Walton*, Nos. WDQ-09-3398 & WDQ-10-3422, 2011 WL 3439308, at *4 (D. Md. Aug. 4, 2011) (citing *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496–97 (1941)). This Court sits in Maryland, and "[i]n tort cases, Maryland follows *lex loci delicti*, which applies the law of the place where the injury occurred." *Id.* (citing *Lab. Corp. of Am. v. Hood*, 911 A.2d 841, 845 (Md. 2006)).

In this case, Enterprise rented the vehicle to Sone in Virginia, but the accident in which Plaintiff was injured occurred in Maryland. Compl. ¶¶ 5–6, 8; Def.'s Mem. 5. "Where the events giving rise to a tort action occur in more than one state, the court must apply 'the law of the State where the injury-the last event required to constitute the tort-occurred.'" *Ben-Joseph v. Mt. Airy Auto Transporters, LLC*, 529 F. Supp. 2d 604, 606 (D. Md. 2008) (quoting *Erie Ins. Exch. v. Heffernan*, 925 A.2d 636, 649 (Md. 2007)); *see* Restatement (First) of Conflict of Laws § 377 (1934) ("The place of the wrong is in the state where the last event necessary to make an actor liable for an alleged tort takes place."). Here, "the last event required to constitute the tort" was the car accident, which occurred in Maryland. Therefore, Maryland substantive law applies. *See Wood*, 2011 WL 3439308, at *4; *Ben-Joseph*, 529 F. Supp. 2d at 606.

## III. NEGLIGENT ENTRUSTMENT

To state a claim for negligent entrustment, Plaintiff must allege that

(1) [Enterprise] made its car available to [Sone], (2) [Enterprise] knew or should have known that [Sone] was likely to use the car 'in a manner involving risk of physical harm to others,' and (3) [Essem] was within the class of people [Enterprise] expected or should have expected to be endangered by [Sone's] use of the car.

3

*Wood v. Walton*, 855 F. Supp. 2d 494, 504 (D. Md. 2012) (citing *Robb v. Wancowicz*, 705 A.2d 125, 128 (Md. Ct. Spec. App. 1998) (citing *Restatement (Second) of Torts* § 390 (1965))) (footnote omitted); *Moore v. Myers*, 868 A.2d 954, 964, 966 (Md. Ct. Spec. App. 2005).

Here, the only issue is whether Enterprise "knew or should have known that [Sone] was likely to use the car" in a way that put others at risk of physical injury. *See Wood*, 855 F. Supp. 2d at 504. Plaintiff claims that, "[a]t the time Defendant Enterprise leased the said vehicle to Defendant Jude Sone, Enterprise knew or should have known that Defendant Jude Sone was incompetent to operate a motor vehicle or that his driving privileges had been suspended and or revoked in Virginia." Compl. ¶ 8. He alleges that Enterprise had a duty, "prior to renting or leasing, to ensure that the renter is, among other things, fit, competent, and licensed to operate a motor vehicle." *Id.* ¶ 16. In his view, Enterprise was negligent in renting or leasing the Jetta to Sone when it "knew or should have known that Jude Sone was incompetent, unlicensed, unfit, inexperienced or would operate the vehicle in a reckless and careless manner." *Id.* ¶ 17.

Defendant argues that Plaintiff fails to allege any "reasons for why Defendant Sone was unfit to drive." Def.'s Mem. 5. It is true that Plaintiff claims that Sone's "driving privileges had been suspended and or revoked in Virginia," Compl. ¶ 8; *see* Opp'n 10–11, and suspension or revocation of a license could indicate that a driver is unfit to drive. *E.g.*, Va. Code Ann., § 46.2-391 (requiring revocation of license of person who is convicted twice of driving under the influence of drugs or alcohol). But, conversely, the suspension or revocation could mean that the driver simply failed to pay a fine. *E.g.*, Va. Code Ann. § 46.2-395(B) (requiring suspension of driving privilege when person convicted of violating a Virginia law or ordinance fails to pay assessed fine). And, liability for negligent entrustment arises only "'if a reasonable man could have foreseen the negligent acts.'" *Wood*, 855 F. Supp. 2d at 504 (quoting *Curley v. Gen. Valet*

4

*Serv., Inc.*, 311 A.2d 231, 241 (Md. 1973)). Moreover, "when the foreseeability of harm stems from past conduct, it must be conduct so repetitive as to make its recurrence foreseeable." *Curley*, 311 A.2d at 241 (quoted in *Wood*, 855 F. Supp. 2d at 504). Here, the "conduct" alleged is Sone's loss of driving privileges in Virginia. Because this loss could have resulted from multiple car accidents in which Sone was at fault or from a benign unpaid traffic ticket, *e.g.*, *Goff v. Jones*, 47 F. Supp. 2d 692, 697 (E.D. Va. 1999) (noting that Virginia license "suspension was due to an unpaid traffic ticket"), the subsequent car accident was not reasonably foreseeable based on the license suspension or revocation.

Further, even if Sone's license revocation or suspension should have put a person with knowledge of it on notice that Sone was likely to endanger others by driving, Plaintiff has not pleaded sufficiently that Enterprise knew or should have known of it. Defendant argues that Enterprise did not have a duty to "have some knowledge regarding Defendant Sone's driving history," because if Maryland law applies, then "Md. Code Ann., Transp. § 18-103 clearly defines Enterprise's duties in renting a vehicle to another person," and, in Defendant's view, the statute does not create a duty "for a rental car company to check a driver's history prior to renting the vehicle." Def.'s Mem. 6. Defendant insists that, under Transp. § 18-103, it only needs to ensure that a driver's license is "facially valid." Def.'s Reply 2. Plaintiff agrees that Transp. § 18-103 applies, but as Plaintiff sees it, the statute gives rise to a duty to make sure that Sone had a driver's license, which Enterprise did not do. Pl.'s Opp'n 13.

Despite the parties' consensus, the Maryland Code would not govern the rental of a vehicle in Virginia. The applicable Virginia statute, Va. Code Ann. § 46.2-108(A),[3] does not

---

[3] § 46.2-108. *Records required of persons renting motor vehicles without drivers; inspections; insurance.*

A. Every person engaged in the business of renting motor vehicles without drivers who rents any vehicle without a driver, otherwise than as a part of a bona fide

5

require a review of the renter's driving history or even confirmation that the renter has a facially-valid license. Even if Transp. § 18-103 applied, the statute does not require the rental car company to look beyond the facial validity of the license to determine that it has not been revoked or suspended.[4] *See* Transp. § 18-103; *see also Phila. Indem. Ins. Co. v. Montes-Harris*, 146 P.3d 1251, 1257–58 (Cal. 2006) (noting that that Cal. Vehicle Code § 14608 provides "'No

---

transaction involving the sale of the motor vehicle, shall maintain a record of the identity of the person to whom the vehicle is rented and the exact time the vehicle is the subject of the rental or in possession of the person renting and having the use of the vehicle. These records shall be public records and open to inspection by any person damaged as to his person or property by the operation of the vehicle or by law-enforcement personnel in the discharge of their duties. Any person who has been damaged as to his person or property may require a production of the written record in person or by his authorized agent or attorney.

[4] Transp. § 18-103. *Requirements for renting vehicles*

*Driver's license*

(a) A person may not rent a motor vehicle . . . to any other person unless the individual who will operate the rented vehicle:

(1) Holds a driver's license issued under [Maryland law], which license authorizes him to drive . . . vehicles of the class rented;

(2) Is a nonresident who:

(i) Has with him a license to drive issued to him by the state or country of his residence, which license authorizes him in that state or country to drive . . . vehicles of the class rented; and

(ii) Is at least the same age as that required of a resident to drive . . .the vehicle rented; or

(3) Otherwise is specifically authorized by [Maryland law] to drive . . . vehicles of the class rented.

*Inspection of driver's license*

(b) A person may not rent a motor vehicle . . . to any other person unless the lessor or his agent:

(1) Has inspected the license to drive of the individual who will operate the rented vehicle; and

(2) Has compared and verified:

(i) The signature on the license with the signature of the individual, as written in the presence of the lessor or agent; and

(ii) The physical description on the license with the physical appearance of the individual.

person shall rent a motor vehicle to another unless: [¶] (a) The person to whom the vehicle is rented is licensed under this code or is a nonresident who is licensed under the laws of the state or country of his or her residence. [¶] (b) The person renting to another person has inspected the driver's license of the person to whom the vehicle is to be rented and compared the signature thereon with the signature of that person written in his or her presence'"; stating that this statutory language only requires the company to "visually inspect[] the person's driver's license and verif[y] the person's signature" by comparison). Consequently, Enterprise could have complied with Va. Code Ann. § 46.2-108(A) and Transp. § 18-103 without learning that Defendant Sone's license was not valid at the time he presented it. Thus, Plaintiff has failed to state a claim for negligent entrustment because he has not pleaded that Enterprise "knew or should have known that [Sone] was likely to use the car" in a dangerous manner. *See Wood*, 855 F. Supp. 2d at 504.

### IV. NEGLIGENCE PER SE

To state a claim for negligence *per se* under Maryland law, a plaintiff must allege:

> 1) the violation of a statute designed to protect a specific class of persons; 2) that plaintiff is a member of this class of persons; 3) that the harm suffered by plaintiff is of the type that the statute was intended to protect against; and 4) that the violation was the proximate cause of the plaintiff's injuries.

*Hart v. A.C.E. Taxi*, 442 F. Supp. 2d 268, 270 (D. Md. 2006) (citing *Brooks v. Lewin Realty III, Inc.*, 835 A.2d 616, 621 (2003)). Defendant is correct that Plaintiff does not identify the allegedly-violated statute in his pleadings. Def.'s Mem. 10; Def.'s Reply 3. In his Opposition, Plaintiff insists that he "has alleged that the Enterprise is subject to laws and regulations that pertain to the rental of motor vehicles," but he still does not identify a statute. Further, he has not alleged a violation of either Va. Code Ann. § 46.2-108(A) or the one statute Plaintiff cites with

regard to his negligent entrustment claim, Transp. § 18-103. Therefore, Plaintiff has failed to state a claim for negligence *per se*.

## V.     CONCLUSION

In sum, for the reasons stated above, Defendant Enterprise's Motion to Dismiss, ECF No. 5, IS GRANTED, and Plaintiff's claims against Enterprise ARE DISMISSED. *See* Fed. R. Civ. P. 12(b)(6). The case will proceed as to Defendant Sone only.

So ordered.

Dated: August 18, 2014

/S/      08/18/14
Paul W. Grimm
United States District Judge

lyb